UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASCENSION PROPERTIES, INC.         :   CIVIL ACTION NO.:  23-CV-00340
                                         :
VERSUS                            :   JUDGE:  SHELLY D. DICK
                                         :
LIVINGSTON PARISH GOVERNMENT,   :   MAGISTRATE:  ERIN-WILDER
RANDALL DELATTE, ERIN SANDEFUR,   :   DOOMES
GERALD MCMORRIS, SHANE MACK, AND   :
JOHN WASCOM                      :

---

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE
RELIEF, AND DAMAGES WITH REQUEST FOR JURY TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes Ascension Properties, Inc., a

Louisiana corporation, which respectfully asserts this First Amended Complaint for the reasons

that follow.

**PARTIES**

**1.**

Plaintiff, Ascension Properties, Inc. (hereafter sometimes "Ascension Properties"), is a

corporation domiciled in Louisiana in Ascension Parish, whose principal place of business is in

Ascension Parish, State of Louisiana.

**2.**

Defendant, the Livingston Parish Government, is a body politic, with authority to sue and

be sued under the Livingston Parish Home Rule Charter. The Livingston Parish Government acts,

in part, through the Livingston Parish Council.

**3.**

Defendant, Randall Delatte ("Delatte"), is a major resident and domiciliary of the Parish

of Livingston, State of Louisiana, and he was a member of the Livingston Parish Council in

January and February 2023, and he remains a member of the Livingston Parish Council as of the time of this filing.

**4.**

Defendant, Erin Sandefur ("Sandefur"), is a major resident and domiciliary of the Parish of Livingston, State of Louisiana, and she was a member of the Livingston Parish Council in January and February 2023, and she remains a member of the Livingston Parish Council as of the time of this filing.

**5.**

Defendant, Gerald McMorris ("McMorris"), is a major resident and domiciliary of the Parish of Livingston, State of Louisiana, and he was a member of the Livingston Parish Council in January and February 2023, and he remains a member of the Livingston Parish Council as of the time of this filing.

**6.**

Defendant, Shane Mack ("Mack"), is a major resident and domiciliary of the Parish of Livingston, State of Louisiana, and he was a member of the Livingston Parish Council in January and February 2023, and he remains a member of the Livingston Parish Council as of the time of this filing.

**7.**

Defendant, John Wascom ("Wascom"), is a major resident and domiciliary of the Parish of Livingston, State of Louisiana, and he was a member of the Livingston Parish Council in January and February 2023, and he remains a member of the Livingston Parish Council as of the time of this filing.

**8.**

Delatte, Sandefur, McMorris, Mack, and Wascom are hereafter sometimes collectively referred to as the "Individual Defendants." For the sake of clarity, all claims raised against the Individual Defendants are predicated upon certain actions taken by them that were exercised without appropriate legal authority and that constituted actions outside and beyond the scope of their legislative roles.

## JURISDICTIONAL STATEMENT & VENUE

**9.**

Jurisdiction is based upon and conferred by 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(3) and (4). This is an action asserting claims based upon questions of law arising under Article I, § 10, Clause 1 of the United States Constitution, the Fifth and Fourteenth Amendments of the United States Constitution, and under mixed questions of fact and law arising under 42 U.S.C. § 1983.

**10.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events, actions, and omissions giving rise to this matter occurred in Livingston Parish.

**11.**

This Court has jurisdiction over claims which are not strictly federal questions, but which form part of the same case or controversy presented herein, pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

## SUMMARY OF CLAIMS

**12.**

Plaintiff asserts that there is a real and justiciable controversy regarding the validity and application of Livingston Parish Ordinance 23-05, that was enacted on or about February 9, 2023

by the Livingston Parish Government, such that relief is warranted pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**13.**

Additionally, this action seeks redress for the deprivation by the Livingston Parish Government and/or the Individual Defendants of Plaintiff's rights secured by Article I, § 10, Clause 1 of the United States Constitution, the Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, *et seq.*, and Article 1 Section 4 of the Louisiana Constitution of 1974. The said deprivations of Plaintiff's rights by the Defendants being at all times under color of state law and in violation of Plaintiff's rights, although Defendants lacked legal authority to enact Ordinance 23-05 and their actions were outside the sphere of their legitimate legislative activity. Plaintiff's damages include but are not limited to out-of-pocket expenses, mental and emotional damages, and attorneys' fees.

**14.**

In addition to Plaintiff's claims against the Livingston Parish Government, a municipality for purposes of 42 U.S.C. § 1983, *et seq.*, Plaintiff also seeks a money judgment in its favor and against the Individual Defendants who are liable in their individual capacities for punitive damages for actions outside the sphere of their legitimate legislative activity and beyond the scope of their legal authority that were carried out with reckless and callous disregard for state and local laws and thus, by extension, Plaintiff's federally protected constitutional rights.

**15.**

Additionally and/or alternatively, Plaintiff makes claims against the Livingston Parish Government, based upon Plaintiff's justifiable reliance, to its detriment, on the Parish's approval of Plaintiff's Preliminary Plat(s), and further based upon Plaintiff's expenditure of hundreds of

thousands of dollars, to its detriment, and further based upon the Livingston Parish Government's actions insofar as it improperly halted further progress of development of Plaintiff's property due to the Parish's erroneous enactment of Livingston Parish Ordinance 23-05, and further based upon Defendant's failure to provide subsequent approvals to Plaintiff, without legal and justifiable basis.

## STATEMENT OF FACTS

### 16.

Ascension Properties is the developer of the following described real property (hereafter "the Property") situated in the Parish of Livingston, State of Louisiana, to-wit:

> A CERTAIN TRACT OF LAND SITUATED IN THE PARISH OF LIVINGSTON, TOWNSHIP 7 SOUTH, RANGE 2 EAST, CONTAINING SECTIONS 64 AND 65 AND THE REMAINDER OF SECTIONS 44 AND 45, GREENSBURG LAND DISTRICT, STATE OF LOUISIANA, BOUNDED ON THE west BY THE AMITE RIVER, BOUNDED ON THE EAST BY A 200' OVERHEAD ELECTRIC SERVITUDE, CONTAINING APPROXIMATELY 1,354 ACRES, EXCLUDING 3.5 ACRES IN THE NORTHEAST CORNER THAT HAS NO LESS THAN 284' FRONTAGE ALONG LA HWY 1032 (4-H CLUB ROAD), A PORTION OF PARCEL NUMBER 0204792 IN THE LIVINGSTON PARISH TAX ASSESSOR SYSTEM.

### 17.

On October 13, 2021, Ascension Properties entered into a contract with Livingston Holdings, LLC to purchase the Property.

### 18.

In early 2022, Ascension Properties began efforts to obtain approvals to develop the Property from the Livingston Parish Planning and Zoning Commission ("Planning and Zoning Commission") and/or the Livingston Parish Government. The Planning and Zoning Commission was created by Livingston Parish Ordinance 125-2 and is charged with administering Chapter 125 of the Livingston Parish Code of Ordinances. As a matter of state law, the Planning and Zoning

Commission stands as a separate legal entity from the Livingston Parish Council. The only power and control a parish council holds over a parish planning and zoning commission is to pass ordinances to abolish, trump, or nullify an action of the commission and to appoint members of the commission. *See* La. Atty. Gen. Op. No. 06-0025 (2006).

**19.**

In April 2022, Ascension Properties submitted a Preliminary Plat, a map showing a proposed subdivision for the Property, to the Planning and Zoning Commission.

**20.**

Ascension Properties' Preliminary Plat was consistent with the zoning requirements in force at the time that were applicable to the Property. Ascension Properties' Preliminary Plat met or exceeded all requirements in force at the time of approval, and at all material times, Plaintiff reasonably relied upon the approvals it obtained.

**21.**

On May 4, 2022, the Planning and Zoning Commission unanimously approved (7-0) Ascension Properties' Preliminary Plat.

**22.**

On June 23, 2022, the Livingston Parish Council approved Ascension Properties' Preliminary Plat (5-2) via Livingston Parish Resolution 22-245.

**23.**

After receiving Preliminary Plat approval, Ascension Properties continued its efforts to develop the Property in accordance with the framework provided in the Livingston Parish Code of Ordinances and, in doing so, Ascension Properties spent hundreds of thousands of dollars in

5186641.v1

furtherance of the plan that was approved in May 2022 and June 2022 by the Planning and Zoning Commission and the Livingston Parish Council.

**24.**

For example, between June 2022 and January 2023, Ascension Properties spent time and money developing a second preliminary plat, obtaining two drainage impact studies and a traffic impact study, and developing a construction plan.

**25.**

On January 12, 2023, the Livingston Parish Council enacted Livingston Parish Ordinance 22-65 ("Ordinance 22-65"). Ordinance 22-65 is entitled:

### L.P. ORDINANCE 22-65

AN ORDINANCE TO AMEND CHAPTER 117, "ZONING", SECTION 117-50, "AMENDMENTS OR CHANGES TO THE DEVELOPMENT REGULATIONS OR DISTRICT MAP" IN AND FOR THE PARISH OF LIVINGSTON.

**26.**

Ordinance 22-65 states, in pertinent part, that the Planning and Zoning Commission must hold a hearing on any proposed zoning regulations:

(b) No amendment, supplement or change of the development regulations shall become effective unless and until there shall have been held a public hearing in relations thereto before the planning and zoning commission at which parties in interest and citizens shall have had an opportunity to be fully heard.

**27.**

Nothing contained within Ordinance 22-65 affects or otherwise negates the Planning and Zoning Commission's procedurally mandated role, which is a function of state law. As a matter of state law (Louisiana Revised Statutes 33:101, *et seq.*, and 33:4780.40, *et seq.*), all zoning

amendments are intended to be adopted in conformity with orderly procedural restrictions providing for review and comment from a planning and/or zoning commission.

### 28.

Ordinance 22-65 follows state law insofar as zoning commissions are empowered to make recommendations for zoning. Other Livingston Parish Ordinances and the Livingston Parish Home Rule Charter similarly specify that the Planning and Zoning Commission is governed by state laws, including Louisiana Revised Statutes 33:101, *et seq*.

### 29.

Ordinance 22-65 put every member of the Livingston Parish Council on notice that meetings before the Planning and Zoning Commission were necessary and required when there was an amendment, supplement, or change of the development regulations, and that any contradictory conduct would be unlawful.

### 30.

Furthermore, Ordinance 22-65 memorialized that Alvin Fairburn & Associates, L.L.C. (hereafter sometimes "AFA"), the Parish's consulting engineer, was to prepare "parish wide zoning maps" for zoning purposes. Ordinance No. 22-65 provides, in pertinent part, that such parish wide zoning maps were received by the Livingston Parish Council:

> **WHEREAS,** the Livingston Parish Council wishes to amend the Code of Ordinances of Livingston Parish by amending Chapter 117, titled "Zoning", to ensure the safety, health, and wellbeing of all citizens in the Parish of Livingston;
>
> **WHEREAS,** the Livingston Parish Council, governing authority of the Parish, has received preliminary parish wide zoning maps from Alvin Fairburn and Associates; and
>
> **WHEREAS,** the Livingston Parish Council is in the process of moving forward with adopting district maps; and

**31.**

In late January 2023, Ascension Properties learned that the Livingston Parish Council intended to make changes to the zoning regulations and zone the Property in a manner that was inconsistent with the prior regulatory approvals. Ascension Properties did not receive proper notice and/or warning as required under state and local law.

**32.**

The Livingston Parish Council intended to take action to zone the Property without input or involvement from the Planning and Zoning Commission.

**33.**

One of the proposed zoning ordinances, Livingston Parish Ordinance 23-05 ("Ordinance 23-05"), directly impacted the Property and/or Ascension Properties' efforts to develop the Property. Ordinance 23-05 was drafted and promoted by the District 5 Representative for the Livingston Parish Council to make good on a campaign promise of blocking future development by targeting Ascension Properties' efforts to develop the Property.

**34.**

On or about January 26, 2023, the Livingston Parish Council introduced Ordinance 23-05, which relates to District 5 of Livingston Parish, where the Property is located.

**35.**

Ordinance 23-05 states, in part:

AN ORDINANCE TO CERTIFY THE OFFICIAL ZONING MAP OF THE UNINCORPORATED AREAS OF COUNCIL DISTRICT 5 IN THE PARISH OF LIVINGSTON ENTITLED "LIVINGSTON PARISH ZONING MAP COUNCIL DISTRICT NO. 5" REFERRED TO IN CHAPTER 117 OF THE LIVINGSTON PARISH CODE OF ORDINANCES.

5186641.v1

**36.**

Two weeks later, on or about February 9, 2023, the Individual Defendants voted to adopt Ordinance 23-05 (6-3), without proper inquiry and due diligence from the Livingston Parish Council as a whole. In enacting Ordinance 23-05, Defendants substantially or entirely relied upon the wants, wishes, and desires of the Representative for District 5, Erin Sandefur specifically and particularly relating to the Property and/or Ascension Properties' efforts to develop the Property.

**37.**

Ascension Properties appeared and raised objections before a biased and illegitimate tribunal concerning Ordinance 23-05. The Individual Defendants rejected and disregarded the objections without reasonable inquiry or justification.

**38.**

Instead of adopting the parish wide map referenced in Ordinance 22-65, which was prepared and supplied to the Livingston Parish Council by AFA, however, the Council moved forward with enacting a zoning map for District 5 alone, which was materially different from the map prepared by the Parish's consulting engineer, AFA.

**39.**

Furthermore, whoever prepared the District 5 zoning map did not make any presentation to the Council. No engineering review was presented to the Council on February 9, 2023 before Ordinance 23-05 was enacted. Therefore, the enactment of Ordinance 23-05 was accomplished without sufficient data being first presented to the Parish Council. Simply put, no evidence of Ordinance 23-05 being enacted to remedy a social or economic problem was presented.

**40.**

Significantly, the Livingston Parish Council and the Individual Defendants violated Louisiana Revised Statutes 33:4780.45 and Livingston Parish Municipal Code §117-50 when they enacted Ordinance 23-05 because the Ordinance was not presented to the Planning and Zoning Commission before it was enacted, there was no public hearing before the Planning and Zoning Commission, and the Parish Council never received any report or recommendations from the Commission.

**41.**

Louisiana Revised Statutes 33:4780.45 provides, in pertinent part, that the parish governing authority (i.e. the Parish Council) "[s]hall appoint a zoning commission whose function it shall be to recommend the boundaries of the various original districts, the restrictions and regulations to be enforced therein, and any supplements, changes, or modifications thereof.  Before making any recommendations of said governing authority, the zoning commission shall hold a public hearing."

**42.**

Louisiana Revised Statutes provides clearly that a parish cannot enact zoning legislation without first asking for its review by, and comment from, a planning and/or zoning commission. No report was issued by the Planning and Zoning Commission in advance of the enactment of the District 5 map, and such a report is a mandatory prerequisite as a matter of Louisiana law that must be satisfied before any action may be taken to implement zoning ordinances.

**43.**

Moreover, Ordinance 23-05 was not made or created in accordance with a comprehensive and/or master plan as required by Louisiana Revised Statutes 33:4780.42.

5186641.v1

**44.**

Upon information and belief, proper notice of Ordinance 23-05 was not published in accordance with state laws and/or local ordinances. Defendants intentionally did not follow the applicable procedures and enacted Ordinance 23-05 without proper notice first being sent and delivered to the public. Upon information and belief, Defendants failed to properly provide notice before enacting other ordinances relating to zoning.

**45.**

Ordinance 23-05 was enacted in an attempt to nullify the previously approved Preliminary Plat, which was approved less than one year before the subject ordinance was enacted.

**46.**

Upon information and belief, the Individual Defendants intentionally acted to weaponize the zoning map contained in Ordinance 23-05 as it relates to the Property to preclude or undermine Ascension Properties' development efforts for the Property. Simply put, the Livingston Parish Council, consisting of the five Individual Defendants, knew or should have known that Ordinance 23-05 was unreasonable and that they were without authority to enact it. They were not an impartial tribunal. Nevertheless, Defendants voted to adopt the District 5 map that was proposed by the District 5 representative.

**47.**

On or about April 20, 2023, the Livingston Parish Council posted the agenda for its April 27, 2023, meeting. Item number 26 of the agenda included the introduction of a proposed ordinance seeking to rescind Ordinance 23-05 and several other zoning ordinances that were previously enacted.

**48.**

On or about April 21, 2023, Defendants had actual knowledge that Ordinance 23-05 was enacted in violation of local and state law.

**49.**

On or about April 25, 2023, one of the Livingston Parish Council representatives acknowledged that item number 26, which was the introduction of a proposed ordinance to rescind, *inter alia*, Ordinance 23-05, was supported by the Parish Attorney, who had submitted a letter to the Livingston Parish Council stating that Ordinance 23-05 was unlawful.

**50.**

Upon information and belief, on or about Wednesday, April 26, 2023, the Livingston Parish President, Layton Ricks, publicly acknowledged that the zoning ordinances and zoning maps, including Ordinance 23-05, were done incorrectly, should be rescinded, and that the Livingston Parish Council was advised by the Parish Attorney to rescind the zoning maps, including Ordinance 23-05.

**51.**

On April 27, 2023, the Livingston Parish Council met. Item number 26, however, was not considered by the Council or opened for public comment. The acting Chair of the Livingston Parish Council and a defendant herein, Randy Delatte, referred item number 26 to the Ordinance Committee. Delatte proclaimed that he was exercising chairperson privilege and following customs of the Livingston Parish Council when he deferred the item and precluded all public discussion regarding item number 26.

**52.**

Upon information and belief, on or about May 4, 2023, and on one or more occasions thereafter, one or more of the Individual Defendants improperly coerced, via threats of retribution, one or more members of the Planning and Zoning Commission to vote against the development Ascension Properties' Property, which included rejecting applications for one or more approvals sought by Ascension Properties regarding, *inter alia*, approval of one or more proposed preliminary plats.

**53.**

For instance, on or about May 11, 2023, after and in connection with the previous efforts to pressure the Planning and Zoning Commissioners in an improper manner vis-à-vis Ascension Properties' efforts to develop the Property, Defendants, including the Livingston Parish Council, initiated an investigation of the Planning and Zoning Commission specifically and particularly related to Ascension Properties. The investigation was Defendants' next step specifically targeting Ascension Properties, and it was a plain act to force the Planning and Zoning Commission to stop all efforts and activities in connection with Ascension Properties' efforts to develop the Property.

**54.**

On or about May 11, 2023, one or more of the Individual Defendants, and/or the Livingston Parish Council, improperly suspended activity of the Planning and Zoning Commission, which constituted a non-legislative action beyond the legal and/or legislative authority extended to the Livingston Parish Council and/or its individual members, outside the sphere of legitimate legislative activity, and in violation of the independence and authority of the Planning and Zoning Commission.

**55.**

Defendants' sole and/or primary purpose in suspending activity of the Planning and Zoning Commission was to stop all efforts and activities by the Planning and Zoning Commission relative to the Property and/or to Ascension Properties' efforts to develop the Property.

**56.**

Upon information and belief, one or more of the Individual Defendants knowingly used and/or sought to use Ordinance 23-05, the illegally passed zoning ordinance, to improperly pressure Planning and Zoning Commissioners regarding administrative decisions vis-à-vis the Property and the proposed development of the Property.

**57.**

The actions taken by Defendants to threaten and initiate an investigation of the Planning and Zoning Commission's actions regarding its activities vis-à-vis Ascension Properties' development efforts were administrative in nature.

**58.**

Defendants' efforts to hinder, delay, and block Ascension Properties' development efforts are actionable and constitute an injury-in-fact given Defendants hindered and continue to hinder Ascension Properties' ability to receive additional approvals and/or a construction permit.

**59.**

In the days and weeks that followed leading up to this lawsuit, however, Defendants purposely refused to rescind Ordinance 23-05. Additionally, Defendants continue to administratively enforce and/or apply the District 5 map against Ascension Properties. The Individual Defendants' actions including, but not limited to, the enforcement and/or application of

Ordinance 23-05 were specifically and particularly related to and/or impacted the Property and/or Ascension Properties' efforts to develop the Property.

**60.**

Recently (and since the filing of the original complaint in this matter), the Livingston Parish Council rejected and/or denied approval of construction drawings submitted on behalf of Ascension Properties and refused to issue a construction permit to Ascension Properties for development of the Property, citing failure to comply with the District 5 map.

**61.**

To the extent Ordinance 23-05 implemented zoning district designations on February 9, 2023, which was for the Property that is the subject of the Preliminary Plat approval that Plaintiff obtained on or about June 23, 2022, the decision to enact Ordinance 23-05 was arbitrary, capricious, and objectively unreasonable.

**62.**

To the extent the decision to enact Ordinance 23-05 purports to zone or rezone the Property from its existing zoning status to another more restrictive zoning status that is in conflict with the previously approved Preliminary Plat, this decision was arbitrary, capricious, and objectively unreasonable.

**CLAIMS FOR RELIEF**

**COUNT 1**
**DECLARATORY JUDGMENT**

**63.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 62 as if fully restated herein.

**64.**

Zoning laws are in derogation of the rights of private ownership, and, as a result, courts consistently require strict compliance with the statutory procedures regulating enactment of zoning laws; failure to comply with such procedural restrictions, accordingly, is fatal to the validity of the zoning ordinance. At all material times, Defendants failed to comply with such procedural restrictions regarding zoning vis-à-vis the Property and Ascension Properties' efforts to obtain regulatory approvals.

**65.**

Plaintiff is entitled to declaratory judgment decreeing that Ordinance 23-05 is facially unconstitutional and/or unconstitutional as applied and therefore invalid, null, and void for the following non-exclusive reasons, to-wit:

A. For all the reasons articulated hereinabove;

B. Because the Livingston Parish Government was unauthorized to enact the ordinance and/or the zoning map contained therein given the legal prerequisites contained in the Livingston Parish Ordinances and Louisiana Revised Statutes, including but not limited to Livingston Parish Ordinance 22-65;

C. Because the Livingston Parish Government enacted Ordinance 23-05 without first holding public hearings and/or meetings before the Planning and Zoning Commission as required by the Livingston Parish Ordinances and/or Louisiana Revised Statutes, including but not limited to Livingston Parish Ordinance 22-65;

D. Because proper notice of the proposed zoning ordinance was not first published as required by law, including Louisiana Revised Statutes 33:4780.43, as well as certain other Livingston Parish Ordinances;

E. Because it was passed in violation of state and local laws;

F. Because it was passed in a manner that abridged Plaintiff's constitutionally protected right to procedural due process;

G. Because it was passed in a manner that abridged Plaintiff's constitutionally protected right to substantive due process considering

the decision to enact Ordinance 23-05 was arbitrary, capricious, without probable cause, and objectively unreasonable;

H. Because the Livingston Parish Government was without power or jurisdiction to enact the ordinance considering the prerequisites were not satisfied; and

I. Because enacting Ordinance 23-05 was an unreasonable exercise and excessive use of police power and abuse of discretion.

**66.**

Plaintiff asserts that there is a real and justiciable controversy regarding the validity and application of an Ordinance 23-05 enacted on or about February 9, 2023, such that relief is warranted pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**COUNT 2**
**PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

**67.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 66 as if fully restated herein.

**68.**

A substantial likelihood exists that Plaintiff will succeed on the merits of this matter at trial. Indeed, various public officials have publicly acknowledged that the zoning ordinances and zoning maps, including Ordinance 23-05, were done incorrectly, should be rescinded, and that the Parish Council was advised by the District Attorney and the Parish Attorney to rescind the ordinance maps, including Ordinance 23-05.

**69.**

Enacting Ordinance 23-05 was unlawful, and any imposition or application of Ordinance 23-05 against Plaintiff would also be unlawful. Accordingly, Plaintiff seeks to, and is entitled to, enjoin enforcement of Ordinance 23-05, which would result in violation of prohibitory laws,

including the Constitutions of both the United States and Louisiana and the protections against infringement of civil rights contained therein.

**70.**

Plaintiff will suffer irreparable harm unless Defendants are enjoined from enforcing Ordinance 23-05, and there will be no adequate remedy at law to recover damages for the harm suffered absent an injunction.

**71.**

A preliminary injunction is warranted to protect the public interest, including but not limited to public property interests and constitutional due process rights. The public has no interest whatsoever in maintaining or enforcing an ordinance that was enacted in violation of state laws, local ordinances, and the Constitution of the United States.

**72.**

Any unjust delay applicable to Ascension Properties' efforts to develop the subject real estate project jeopardizes Ascension Properties' development plans and unfairly impairs Ascension Properties' and Livingston Holdings' contractual rights vis-à-vis the Property. The delayed processing of approvals favoring Plaintiff in furtherance of its development efforts constitutes an injury in fact.

## COUNT 3
## DENIAL OF PROCEDURAL DUE PROCESS RIGHTS

**73.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 72 as if fully restated herein.

5186641.v1

**74.**

The Fifth and Fourteenth Amendments to the Constitution of the United States confer upon Plaintiff rights to procedural due process.

**75.**

The Fourteenth Amendment applies procedural due process requirements to the states by stating "nor shall any State deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1.

**76.**

The Defendants are "persons" pursuant to 42 U.S.C. § 1983.

**77.**

The Due Process Clause of the Fourteenth Amendment protects property rights that exist by operation of a contract.

**78.**

As a matter of Louisiana law, the term "property" encompasses both tangible and intangible property rights, including rights to a contract. Plaintiff, therefore, holds a valid property right vis-à-vis the Property because it is presently a party to a contract to purchase the Property from Livingston Holdings, LLC.

**79.**

Ascension Properties separately holds real rights vis-à-vis the Property because it is the holder of a Preliminary Plat that was formally approved by the Planning and Zoning Commission and the Livingston Parish Council.

**80.**

Ascension Properties has been denied its property interests when the Livingston Parish Council enacted and/or enforced the District 5 map that rezones the Property. The procedure for enacting Ordinance 23-05 was not followed.

**81.**

Additionally or in the alternative, Ascension Properties was denied a fair and unbiased tribunal for its development in violation of Ascension Properties' constitutional due process guarantees.

**82.**

Additionally, the ordinances of Livingston Parish specifically contemplate that a developer, such as Ascension Properties, may directly obtain building permits and obtain construction and development approvals vis-à-vis real property in the Parish if it complies with applicable ordinances.

**83.**

At all material times, Ascension Properties complied with or exceeded all requirements imposed by law. Therefore, Ascension Properties proposed use of the Property was presumptively valid, and there was at least a very strong likelihood that Ascension Properties would be permitted to proceed with developing the Property.

**84.**

Since obtaining various Preliminary Plat approvals, Ascension Properties incurred substantial costs relative to its development efforts for the subject Property in pursuit of and in accordance with its purchase agreement contract. Its expenditures since obtaining the various approvals referenced herein exceed $500,000.00.

**85.**

Defendants denied and/or violated Plaintiff's property rights without due process of law, which is actionable under 42 U.S.C. § 1983.

## COUNT 4
## SUBSTANTIVE DUE PROCESS CLAIM
## FOR ARBITRARY AND CAPRICIOUS ACTIONS

**86.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 85 as if fully restated herein.

**87.**

The Due Process Clause guarantees more than procedural fairness, it also bars government actions regardless of the fairness of the procedures used to implement them.

**88.**

As previously established, Ascension Properties has constitutionally protected property interests.

**89.**

Defendants' actions were arbitrary and capricious and not rationally related to a legitimate government interest considering, *in alia*, that the Livingston Parish Council allowed a single individual legislator to design a zoning ordinance map for her district where local and state laws require substantive input from the Planning and Zoning Commission and full council review.

**90.**

Additionally, Defendants' actions were arbitrary and capricious as the zoning map prepared by a licensed professional that was hired by the Council was rejected in favor of the District 5 zoning map, which upon information and belief was prepared by Sandefur—not a

licensed professional.  Moreover, no one made any presentation to the Council on the District 5 map and no engineering review was presented to the Council before Ordinance 23-05 was enacted. The enactment of Ordinance 23-05 was accomplished without sufficient data being first presented to the Parish Council.

## 91.

Defendants are liable for their violation of Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1983.

## COUNT 5
## EQUAL PROTECTION VIOLATION

## 92.

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 91 as if fully restated herein.

## 93.

The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. Put differently, the Fourteenth Amendment's Equal Protection Clause protects persons that have been intentionally treated differently from others similarly situated when there is no rational basis for the difference in treatment.

## 94.

Defendants knowingly and intentionally ignored protocols and Louisiana state law in passing Ordinance 23-05.

**95.**

In passing Ordinance 23-05, Defendants targeted Ascension Properties for the sole purpose of impairing Plaintiff's property rights afforded to it under the United States Constitution.

**96.**

Defendants failed to state a legitimate state interest in enacting Ordinance 23-05. Rather, Defendants, under color of state law, have treated and continue to treat Ascension Properties differently from similarly situated property owners.

**97.**

Defendants' discrimination against Ascension Properties based on its status as a developer denies Ascension Properties the equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

**98.**

Defendants are liable for their violation of Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1983.

## COUNT 6
## VIOLATION OF THE CONTRACTS CLAUSE

**99.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 98 as if fully restated herein.

**100.**

Article I, § 10, Clause 1 of the United States Constitution, known as the Contracts Clause, imposes certain prohibitions on the states.

**101.**

Ascension Properties and Livingston Holdings, LLC entered into the purchase agreement before the Livingston Parish Council enacted Ordinance 23-05.

**102.**

The passage of Ordinance 23-05 significantly impaired the contractual relationship between Ascension Properties and Livingston Holdings.

**103.**

Defendants failed to state a significant and legitimate purpose behind Ordinance 23-05, such as the remedying of a broad and general social or economic problem.

**104.**

The only reason Ordinance 23-05 was enacted was to ensure that Ascension Properties could not develop its Property. There was no health, safety, or welfare justification offered by Defendants. As such, Ordinance 23-05 unreasonable and inappropriate.

**105.**

Defendants are liable for their violation of Article I, § 10, Clause 1 of the United States Constitution, which violation has damaged Ascension Properties.

**COUNT 7**
**INVERSE CONDEMNATION CLAIM UNDER 42 U.S.C. § 1983 AND THE UNITED STATES CONSTITUTION, AMENDMENTS FIVE AND FOURTEEN**

**106.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 105 as if fully restated herein.

**107.**

The provisions of the Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment of the United States Constitution, protects property owners from the "taking" of property without "just compensation."

**108.**

The Defendants' enactment of Ordinance 23-05 constitutes a justiciable final decision with respect to Ascension Properties because Ascension Properties has experienced irreversible and substantial economic harm and a measurable interference with investment-backed expectations.

**109.**

The enactment of Ordinance 23-05 was based on Defendants bowing to the District 5 representative's desire to make good on a campaign promise to stop development by targeting Ascension Properties' efforts to develop the Property, without payment to Ascension Properties of adequate compensation.

**110.**

The Defendants' enactment of Ordinance 23-05 has had a significant economic impact on Ascension Properties and extensively interfered with Ascension Properties' distinct investment-backed expectations with respect to the Property, constituting an unconstitutional taking under the Fifth Amendment of the United States Constitution.

**111.**

The Defendants are liable to Ascension Properties for an amount of money sufficient to compensate Ascension Properties for:

    A.  Lost profits as a result of the enacting Ordinance 23-05; and

5186641.v1

B. The cost of all plans, drainage and engineering studies and legal fees incurred by the Ascension Properties in their plans to develop the Property but rendered useless by Defendants' arbitrary and capricious actions.

**COUNT 8**
**UNCONSTITUTIONAL TAKING UNDER STATE LAW**

**112.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 111 as if fully restated herein.

**113.**

Defendants are liable to Plaintiffs for an amount of money sufficient to compensate Plaintiffs for:

A. Lost profits as a result of the enacting Ordinance 23-05; and

B. The cost of all plans, drainage and engineering studies and legal fees incurred by the Ascension Properties in their plans to develop the Property but rendered useless by Defendants' arbitrary and capricious actions.

**114.**

The Defendants' enactment of Ordinance 23-05 constitutes a regulatory "taking" or damage to the Property.

**115.**

Plaintiff has been denied the ability to develop, enjoy, and/or derive income from the Property in violation of Article 1 Section 4 of the Louisiana Constitution of 1974.

**116.**

The Defendants' enactment of Ordinance 23-05 has had a significant economic impact on Ascension Properties and extensively interfered with Ascension Properties' distinct investment-backed expectations with respect to the Property.

**117.**

The Defendants have rejected the development of the Property based on public opinion calling for the Property to remain undeveloped. Such a basis for this decision-making is not grounded on any legitimate or legally cognizable factor. The enactment of Ordinance 23-05 on the basis of an anti-development campaign promise is a de facto taking of the Property.

**COUNT 9**
**DETRIMENTAL RELIANCE**

**118.**

Ascension Properties adopts and incorporates by reference all allegations in Paragraphs 1-117 as if fully restated herein.

**119.**

Ascension Properties has justifiably relied, to its detriment, upon representations made by the Livingston Parish Government. In particular, the Livingston Parish Government provided approvals for the development of the Property, including, but not limited to, approval of the Preliminary Plat, based upon the ordinances in place. Subsequently, and after Ascension Properties expended hundreds of thousands of dollars on development, the Livingston Parish Government has halted further approvals and progress of the project and development of the Property by its erroneous enactment of Ordinance 23-05, as well as its failure to provide subsequent approvals of the development of the project based upon Ordinance 23-05.

**COUNT 10**
**ATTORNEYS' FEES AND COSTS**

**120.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 119 as if fully restated herein.

**121.**

Defendants are liable for all attorneys' fees and costs incurred by Plaintiff pursuant to 42 U.S.C. § 1983 and/or 42 U.S.C. § 1988(b).

**COUNT 11**
**COMPENSATORY AND PUNITIVE DAMAGES UNDER 42 U.S.C. § 1983**

**122.**

Plaintiff adopts and incorporates by reference all allegations in Paragraphs 1 through 121 as if fully restated herein.

**123.**

The Individual Defendants acted with callous disregard of Plaintiff's constitutional rights after receiving both constructive and actual notice of such rights.

**124.**

The Individual Defendants were not empowered to act on behalf of the Livingston Parish Government to establish zoning ordinances in light of the statutory requirements set forth in Louisiana Revised Statutes 33:101, *et seq.*, and 33:4780.40, *et seq.*, as well as certain Livingston Parish Ordinances. Notwithstanding the lack of authority collectively or individually, they acted individually in furtherance of the establishment of a zoning map for District 5, which violated Plaintiff's constitutional rights.

**125.**

The Individual Defendants usurped control over zoning efforts in the Parish of Livingston, notwithstanding the fact that jurisdiction for the development of zoning plans was vested in the Planning and Zoning Commission, and acted recklessly and with callous disregard of Plaintiff's federally protected rights when they moved forward with illegally establishing a zoning map for District 5. On a purely individual and personal basis, and separate, apart, and beyond their authority

as parochial council members, the Individual Defendants knowingly enacted, enforced and/or applied one or more zoning ordinances, including especially the zoning map ordinance for District 5. The Individual Defendants actions in doing so were (i) without authority or empowerment, (ii) carried out with reckless disregard for applicable Revised Statutes and Parish Ordinances, and (iii) performed with callous disregard for state law, local law, and Plaintiff's federally protected rights.

### 126.

The Individual Defendants' actions were specifically and particularly related to and impacted the Property and/or Ascension Properties' efforts to develop the Property. The Individual Defendants' actions were not acts of legislative function or authority but rather administrative or executive, at best, and improper actions completely outside of any legitimate official legislative purview or action.

### 127.

Accordingly, Defendants, Delatte, Mack, McMorris, Sandefur, and Wascom, are individually responsible for causing the constitutional rights violations set forth hereinabove and thus are personally liable unto Plaintiff for punitive damages pursuant to 42 U.S.C. § 1983.

### PRAYER

**WHEREFORE**, Plaintiff, Ascension Properties, Inc., prays that upon final determination of these causes of action that a judgment be rendered by this Honorable Court in favor of Plaintiff and against the Livingston Parish Government and the Individual Defendants for:

(a) issuance of preliminary injunction enjoining and restraining Defendants, and each of them, and their respective agents, employees and representatives from enforcing or attempting to enforce Ordinance 23-05;

(b) issuance of a permanent injunction enjoining and restraining Defendants, and each of them, and their respective agents, employees and representatives from enforcing or attempting to enforce Ordinance 23-05;

(c) issuance of a judgment declaring that:

       i.   Livingston Parish Ordinance No. 23-05 was enacted in an unlawful manner; and

      ii.   Livingston Parish Ordinance No. 23-05 is invalid, null and void such that it is unenforceable;

(d) issuance of a money judgment awarding Plaintiff compensatory damages in an amount to be established at trial;

(e) issuance of a money judgment awarding Plaintiff an amount of money commensurate with all attorney's fees it incurred in connection with its claims under 42 U.S.C. § 1983;

(f) issuance of a money judgment awarding Plaintiff an amount of money inclusive of judicial interest and court costs; and

(g) all other and further relief at law or in equity to which Plaintiff may show it is justly entitled that may be reasonable in the premises.

**WHEREFORE**, Plaintiff, Ascension Properties, Inc., further prays that upon final determination of its claims under 42 U.S.C. § 1983 that a judgment be rendered by this Honorable Court in favor of Plaintiff and against the Individual Defendants for:

(h) Punitive damages as are provided for in 42 U.S.C. § 1983; and

(i) all other and further relief at law or in equity to which Plaintiff may show it is justly entitled that may be reasonable in the premises.

## JURY DEMAND

**WHEREFORE**, Plaintiff, Ascension Properties, Inc., further prays for a trial by civil jury on all issues for which a jury trial may be appropriate and reasonable in the premises.

5186641.v1

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By:   /s/ Tom Easterly
  Tom Easterly, Bar Roll # 30488, T.A.
  John Stone Campbell III, Bar Roll #23674
  Peyton T. Gascon, Bar Roll # 40369
  450 Laurel Street, 8th Floor (70801)
  P.O. Box 2471
  Baton Rouge, LA 70821
  Phone: (225) 387-3221
  Fax: (225) 346-8049
  Email: tom.easterly@taylorporter.com
  Email: johnstone.campbell@taylorporter.com
  Email: peyton.gascon@taylorporter.com

   *Attorneys for Ascension Properties, Inc.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 23rd day of June, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing was accordingly sent to all counsel of record through the Court's electronic filing system.

        /s/ Tom Easterly

5186641.v1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ASCENSION PROPERTIES, INC. | : CIVIL ACTION NO.: 2-12-340 |
| | : |
| VERSUS | : JUDGE: SHELLY D. DICK |
| | : |
| LIVINGSTON PARISH GOVERNMENT, | : MAGISTRATE: ERIN-WILDER |
| RANDALL DELATTE, ERIN SANDEFUR, | : DOOMES |
| GERALD MCMORRIS, SHANE MACK, AND | : |
| JOHN WASCOM | : |

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

I, Chris Ingram, am the President of Ascension Properties, Inc., have read the foregoing amended complaint, and certify that all of the allegations of fact contained therein are true and correct to the best of my knowledge, information and belief.

Chris Ingram