# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is being executed on the dates and in the places reflected below, and in the presence of notaries and the undersigned competent witnesses subscribed below.  It was made and entered into in July 2024, and will only become final and effective upon entry of a consent judgment (referenced hereinbelow) in the matter entitled *Ascension Properties, Inc., v. Livingston Parish Government*, suit no. 24-00171, presently pending in the United States District Court for the Middle District of Louisiana, in a form suitable and agreed upon by Ascension Properties, Inc. and Livingston Parish Government, with the date of the consent judgment being considered as the "Effective Date" of all provisions contained and referenced herein.  This Agreement is made and entered into by and between the following parties:

- Plaintiff, Ascension Properties, Inc. ("Ascension Properties" and/or "Plaintiff"), a Louisiana Corporation domiciled in Ascension Parish, which is represented herein by its duly authorized representative, Chris Ingram; and

- Livingston Parish Government, a body politic and corporate, with authority to sue and be sued, which acts through the Livingston Parish Council, and which is represented herein by its duly authorized representative and/or representatives identified hereinbelow (hereafter sometimes the "Parish").

The above-described entities shall be considered the "Parties" to the Agreement and may be referred to individually as a "Party."

## RECITALS

### RECITALS REGARDING THE PROPERTY, THE DEVELOPMENT EFFORTS, AND THE APPROVALS

1. WHEREAS Ascension Properties is currently a party to one or more separate contracts pursuant to which it is entitled to acquire and develop certain real estate located in Livingston Parish (hereafter, sometimes the "**Property**"), which is further described as follows:

A CERTAIN TRACT OF LAND SITUATED IN THE PARISH OF LIVINGSTON, LOCATED IN SECTIONS 32, 44 & 45 TOWNSHIP 7 SOUTH, RANGE 3 EAST, SECTIONS 64 & 65 TOWNSHIP 7 SOUTH, RANGE 2 EAST & SECTION 50 TOWNSHIP 8 SOUTH, RANGE 3 EAST, GREENSBURG LAND DISTRICT, STATE OF LOUISIANA,

Being further described as Tract AP-1 (63.95 acres), Tract AP-2 (100.00 acres), Tract AP-3 (433.77 acres), Tract AP-4 (155.19 acres), Tract AP-5 (140.71 acres), Tract AP-6 (404.98 acres) and Tract AP-7 (19.51 acres) as shown on the "Map Showing Survey & Division of A 1,673.82 +/- Acre Tract, Formerly a Portion of the Eleanor K. Ellis, Et Al Estate into Tracts AP-1 thru AP-8" By Jamie Bordelon, PLS, dated July, 26, 2023, approved and dated by Livingston Parish on September 25, 2023, Recorded at Livingston Parish Clerk of Court on September 25, 2023 as Entry No. 1072523.

2. WHEREAS Ascension Properties began efforts to obtain certain approvals from the Livingston Parish Planning Commission and/or the Livingston Parish Council in early 2022, relating to the "Deer Run" development to be developed on the Property;

3. WHEREAS Ascension Properties received approvals from the Parish for several different versions of a preliminary plat reflecting the proposed layout and development of the development known as Deer Run, which occurred on multiple occasions leading up to September 7, 2023, including certain approvals that the Parish claims were obtained without proper advertisement. Plaintiff obtained approval from the Livingston Parish Planning Commission for its Revised Preliminary Plat 2, that includes a 4th entrance, on September 7, 2023, subsequently signed by the Livingston Parish Review Engineer and the Livingston Parish Planning Department on September 18, 2023, and subsequently recorded on September 19, 2023 reflecting the Deer Run development (hereafter referred as "**Deer Run**" or the "**Deer Run development**"), which the Parish acknowledges was properly approved pursuant to appropriate and applicable advertisement requirements;

4. WHEREAS Ascension Properties hereby agrees to be bound, subject to the terms and conditions articulated herein, to the proposed Development Agreement attached hereto in the exact form attached hereto (hereafter the "**Development Agreement**");

5. WHEREAS Ascension Properties hereby agrees to be bound to the Development Agreement, which is an agreement that is expressly and especially conditioned upon acceptance and approval by the Livingston Parish Planning Commission and the Livingston Parish Council, and, furthermore, that said approval shall be accomplished by the Livingston Parish Planning Commission and the Livingston Parish Council within thirty (30) days of the Effective Date in accordance with all provisions of La. R.S. § 33:4780.21, *et seq.* and the Livingston Parish Home Rule Charter or else Ascension Properties shall not be bound by the proposed Development Agreement;

6. WHEREAS, the proposed Development Agreement, which is expressly referenced herein and attached hereto and incorporated herein in its entirety for all purposes, will establish **if it is timely approved by the Parish** that Ascension Properties shall develop the Property for the uses and purposes in substantial conformity with the Revised Preliminary Plat 2 that was approved by the Commission on September 7, 2023, and later executed on September 18, 2023, a copy of which is included herein by reference in its entirety (the "**Plat**"), as modified by the Settlement Agreement dated on or about July 27, 2023 (the "**July 27, 2023 Settlement Agreement**" or the "**Prior Settlement Agreement**"), a copy of which is also included herein by reference, to include and incorporate the uses, density, greenspace, recreation facilities,

maximum building heights, design standards (including setbacks and road rights of way) and covenants set forth therein, subject to the terms and conditions as specified herein, including but not limited to the terms reflecting an agreed upon reduction in density for the Project;

7.  WHEREAS the adoption and/or approval of the preliminary plats obtained by Ascension Properties carried legal effect pursuant to La. R.S. 33:113 and, specifically, that the approvals by the Livingston Parish Planning Commission legally amended the comprehensive master plan of Livingston Parish as is reflected in the preliminary plats that were approved by the Parish;

8.  WHEREAS Livingston Parish Code § 1-13 (a)(17) provides that "[n]othing in this Code or in the ordinance adopting this Code shall be construed to repeal or otherwise affect the validity of … [a]ny ordinance or resolution dedicating or accepting any specific subdivision plat";

9.  WHEREAS the Parties acknowledge that certain resubdivision plat recorded with the Livingston Parish Clerk of Court on September 25, 2023 as Entry No. 1072523 (hereafter sometimes the "**September 25, 2023 Ownership Plat**"), which was referenced in the July 27, 2023 Settlement Agreement, which delineates only the anticipated ownership of the Deer Run development and/or the Property, and does not affect the Plat.  The September 25, 2023 Ownership Plat may be revised in accordance with the applicable development code of the Parish.

### RECITALS REGARDING THE PRIOR LITIGATION

10.  WHEREAS, Ascension Properties filed that certain Complaint styled as *Ascension Properties, Inc. v. Livingston Parish Government, Randall Delatte, Erin Sandefur, Gerald McMorris, Jeff Ard, Shane Mack, and John Wascom*, United States District Court for the Middle District of Louisiana, Case 3:23-cv-00340-SDD-EWD (filed 5-4-23) (hereafter referred to as the "**Prior Litigation**"), seeking, among other relief, declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202, and 42 U.S.C. § 1983, *et. seq.*;

11.  WHEREAS, the Prior Litigation included claims for injunctive relief, declaratory relief, compensatory damages, punitive damages, and reimbursement of attorneys' fees;

12.  WHEREAS, Ascension Properties, the Parish, and other defendants identified in the Prior Litigation desired to amicably settle and resolve all of the issues and legal claims asserted in the Prior Litigation;

13.  WHEREAS, Ascension Properties, the Parish, and other defendants identified in the Prior Litigation entered into a written Settlement Agreement dated July 27, 2023 (the "**Prior Settlement Agreement**"), and resolved and settled said Prior Litigation;

14.  WHEREAS, the Prior Settlement Agreement included various development requirements and development and planning details for the purpose of avoiding any future litigation;

15. WHEREAS, pursuant to the terms of the Prior Settlement Agreement, a Consent Judgment was signed and entered by the court on August 4, 2023;

### RECITALS REGARDING THE CLAIMS OF THE PARTIES

16. WHEREAS Ascension Properties alleges that, following the settlement of the Prior Litigation, the Parish acted on some occasions, and refused to act on other occasions when it was obligated to do so, so as to purposefully impede and obstruct Ascension Properties' development efforts with the intention to prevent Ascension Properties from continuing with the construction of the Deer Run subdivision in violation of the Prior Settlement Agreement;

17. WHEREAS on January 18, 2024, the Parish administratively issued a Stop Work Order ordering Ascension Properties to stop all work on the Deer Run subdivision;

18. WHEREAS on February 29, 2024, Ascension Properties filed that certain Complaint styled as *Ascension Properties, Inc. v. Livingston Parish Government*, United States District Court for the Middle District of Louisiana, Case 3:24-cv-00171-SDD-SDJ (hereafter referred to as the "**Current Litigation**"), seeking, among other relief, compensatory damages, injunctive relief, declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202, and 42 U.S.C. § 1983, *et. seq.*, and recoupment of its attorneys' fees pursuant to its statutory federal law claim under 42 U.S.C. § 1983, *et. seq.*;

19. WHEREAS Ascension Properties' claims in the Current Litigation include the allegations contained in that certain Complaint filed on February 29, 2024, which are further detailed herein, that include claims for compensatory damages, declaratory relief, injunctive relief, and recoupment of its attorneys' fees pursuant to its statutory federal law claim under 42 U.S.C. § 1983, *et. seq.*;

20. WHEREAS Ascension Properties claims it incurred and paid substantial fees, hard costs, and expenses in furtherance of its development efforts after it initially obtained approval of the Deer Run development when the Parish Planning Commission and Parish Council voted to approve the first version of the preliminary plat in May 2022 and June 2022, respectively, which Ascension Properties contends presently exceed in sum total $1,750,000 (one million seven hundred fifty thousand dollars);

21. WHEREAS the development value and/or profit of this project is roughly estimated to exceed $50,000,000, which correlates to Ascension Properties' potential damages associated with its existing claims against the Parish raised in the Current Litigation;

22. WHEREAS, Ascension Properties contends it entered into multiple contracts before and after it initially obtained approval of the Deer Run development and simultaneously relied upon the then existing ordinances of Livingston Parish, including but not limited to the Livingston Parish Code and/or the development code;

23. WHEREAS Ascension Properties contends its substantial expenditures in furtherance of the Deer Run development were based upon its reasonable reliance upon the Livingston Parish Development Code in effect at the time it initially obtained approval of the Deer Run development in May 2022;

24. WHEREAS Ascension Properties reasonably relied upon multiple approvals it obtained from the Parish in connection with the Deer Run development and the then existing ordinances of Livingston Parish, including but not limited to the Livingston Parish Code, Section 1-1, *et. seq.*;

25. WHEREAS Ascension Properties contends in the Current Litigation that the Parish acted in bad faith with an improper purpose so as to unlawfully obstruct its development efforts, as is further detailed in the February 29, 2024 Complaint filed in the Current Litigation and the corresponding pleadings, motions, and memoranda, etc.; that it is entitled to a permanent injunction against the Parish; and, furthermore, that the Parish should be permanently enjoined from imposing future ordinances against Plaintiff in conflict with the previously approved development and the Settlement Agreement that ended the 2023 Litigation;

26. WHEREAS Ascension Properties contends that the application of any future Livingston Parish ordinances hereafter enacted to Deer Run would be unlawful and unconstitutional to the extent that they would serve to retroactively impair, interfere with, jeopardize, undermine, or render worthless (i) Ascension Properties' substantial expenditures in furtherance of Deer Run and (ii) Ascension Properties' legal rights associated with its efforts to successfully plat the Property for development pursuant to the Plat and its contractual rights and contractual interests vis-a-vis the Property;

27. WHEREAS Ascension Properties contends that the application of any future Livingston Parish ordinances hereafter enacted and enforced against the Deer Run development would be arbitrary and capricious, impermissibly retroactive, and would constitute an *ex post facto* law barred by both the U.S. Constitution and the Constitution of Louisiana. U.S.Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1;[1] *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 220, 109 S.Ct. 468, 477, 102 L.Ed.2d 493 (1988); and *Landgraf v. USI Film Products*, 511 U.S. 244, at 265, 114 S.Ct. 1483, at 1497 (1994) (reasoning that, "[t]he presumption against statutory retroactivity is founded upon elementary considerations of fairness dictating that individuals should have an opportunity to know what the law is and to conform their conduct accordingly."); see also La. Const. art. 1, § 23 (stating, "No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall be enacted).

28. WHEREAS Ascension Properties incurred considerable attorneys' fees in connection with the Current Litigation;

---

[1] "The [*ex post facto*] ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 965 (1981).

29. WHEREAS the Parish generally and completely denies any and all liability associated with the claims asserted by Ascension Properties in the Current Litigation;

30. WHEREAS the Parish acknowledges that Ascension Properties holds an approved plat and approved construction plans, and that Ascension Properties may move forward with Deer Run upon payment of certain fees and appearance at a preconstruction meeting;

### RECITALS REGARDING SETTLEMENT PURPOSE AND PROCEDURE

31. WHEREAS the Parties now desire to enter into this Agreement to settle the Current Litigation and avoid future litigation;

32. WHEREAS, without conceding fault, liability, or the validity of any claim alleged by any Party, the Parties now desire to settle, fully and finally, all claims raised in the Current Litigation;

33. WHEREAS the Parties desire to resolve this matter amicably;

34. WHEREAS the Parties desire to resolve this matter in compliance with La. R.S. 13:5109, *et seq.*, and in compliance with the Open Meetings Law (La. R.S. 42:11, *et seq.*);

35. WHEREAS the Parties acknowledge that certain Louisiana Attorney General Opinion stating, "A compromise or settlement in accordance with La. R.S. 13:5109(A) does not require the publication of the compromise or settlement of the claim." Op.Atty.Gen., No. 05-0407 (May 26, 2006);

36. WHEREAS the Parties agree that, regardless of Op.Atty.Gen., No. 05-0407 (May 26, 2006), this Settlement Agreement may be published anywhere and that the terms of this Settlement Agreement shall not be confidential, are not confidential, and will remain that way permanently;

37. WHEREAS the Parish acknowledges that it appointed a "proper representative" or the "Proper representative[s]" to settle the dispute described herein as per La. R.S. 13:5109 in a lawful manner and that it properly notified the public pursuant to Louisiana law that this matter involves a compromise inclusive of a payment and/or valuable consideration by the Parish in excess of $10,000;

38. WHEREAS the Parties acknowledge that this Agreement involves a potential and/or proposed Development Agreement, and that the Parish is required to follow the requirements of La. R.S. 33:4780.28 that articulates advertising and publicizing requirements for a public hearing of the planning agency and the governing authority of Livingston Parish to approve the Development Agreement, which must be accomplished timely as set forth above in order to bind Ascension Properties to it;

39. WHEREAS Ascension Properties shall not be bound by the potential and/or proposed Development Agreement if it is not timely approved as set forth herein;

40. WHEREAS this Settlement Agreement is **not** contingent upon the Parish's timely approval of the potential and/or proposed Development Agreement, which the Parish shall not be required to accept and/or approve;

41. WHEREAS the proposed consent judgment is **not** contingent upon the Parish's timely approval of the potential and/or proposed Development Agreement, which the Parish shall not be required to accept and/or approve;

42. WHEREAS this Settlement Agreement will remain valid even if the potential and/or proposed Development Agreement is not accepted by the Parish in a timely fashion for any reason; and

43. WHEREAS this Settlement Agreement will remain valid even if the potential and/or proposed Development Agreement is determined to be unenforceable as a result of any technical defect or any third party challenge;

## PRELIMINARY PROVISIONS

**NOW THEREFORE, THE PARTIES HEREBY PRELIMINARILY AGREE AS FOLLOWS:**

44. No error or omission in the factual statements contained in the above "Recitals" shall constitute grounds to challenge the validity or enforceability of the Agreement;

45. The above "Recitals" are hereby explicitly incorporated into the terms of the Agreement;

46. It is expressly agreed that the intent of the Agreement is to both resolve and settle all claims between the Parties and to implement the settlement through this Settlement Agreement, and where any ambiguity or conflict may exist, the Agreement and the Development Agreement (if timely approved) shall be construed to give both documents their intended effect;

47. If any provision of the Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement shall remain valid, enforceable, and in effect, provided that the expressed intent of the Agreement is not materially hindered;

48. In the event of any ambiguity or conflict between this Agreement and the Development Agreement (if timely approved), then any such ambiguity or conflict will be handled as follows:

   a. In the event the ambiguity or conflict concerns a standard of development, a development procedure, or any provision that is required to be in a development agreement pursuant to La. R.S. 33:4780.21, *et seq.*, then the terms of the proposed Development Agreement shall control if it is accepted by the Parish; and

     b.  In the event the ambiguity or conflict concerns something other than that controlled by provision "a." immediately above, or if the Parish fails or refuses to timely accept the proposed Development Agreement, then the terms of the Settlement Agreement shall control.

49. The Agreement shall not be binding on or effective against any Party until: (a) it has been signed by the respective Parties with authority necessary to form an agreement, and (b) entry of the consent judgment contemplated by this Agreement in the Current Litigation;

50. The Agreement may be executed in multiple counterparts, each of which shall be deemed an original. An electronically circulated Agreement and signature page shall be sufficient to bind the Parties to the Agreement. The Parties expressly agree that faxed signatures, scanned signatures and/or signatures on PDF (Portable Document Format) shall be deemed originals for purposes of executing and closing the Agreement;

51. While doing so is unnecessary to enforce the obligations undertaken herein, the Parties may separately agree to provide each other, via their respective counsel, with a duplicate original of this Agreement;

## AGREEMENTS, RESOLUTIONS, AND COMPROMISES

**THE PARTIES HEREBY RESOLVE, AGREE, AND STIPULATE THAT**:

52. **Development Agreement**. Ascension Properties hereby conditionally agrees to enter into a Development Agreement concerning the Deer Run development, subject to the conditions articulated hereinabove. The proposed Development Agreement is identified herein and attached hereto for specificity purposes, but it is expressly not part of this Settlement Agreement as it is not being entered into now by the Parties because the Parish needs additional time to consider its terms and to obtain the lawful approvals required by State and/or local laws;

53. This Settlement Agreement is contingent only upon entry of a consent judgment that resolves the Current Litigation in a form acceptable to the Parties and the Court;

54. **Consent Judgment.** Ascension Properties and the Parish each agree to and adopt the terms of a Consent Judgment to be submitted to the court for signing in connection with the settlement of the Current Litigation, a true and correct copy of which is attached hereto;

55. **Intended Novation**. The terms of this Agreement (including the terms of the Development Agreement that is expressly a part of this Agreement) shall supersede the terms of the July 27, 2023 Settlement Agreement (also defined herein as the Prior Settlement Agreement) only with respect to the July 27, 2023 Settlement Agreement's terms respecting Deer Run development, provided further that nothing contained herein or in any other agreement (written or verbal) shall have any effect on any prior judgments issued by the United States District Court in connection with the Prior Litigation. It is further acknowledged that any terms of the July 27,

2023 Settlement Agreement relating to anything other than Deer Run are reserved and remain unaffected and/or unchanged.   The Parties further acknowledge that:

a.   It is their mutual intent to novate the terms of the July 27, 2023 Settlement Agreement and/or any obligations recited therein (actual, putative, or otherwise) but only as they relate to the Deer Run development (hereafter the "Intended Novation");

b.   The Parties desire for the Intended Novation to be construed and/or interpreted in a manner sufficient to make moot or render moot the claims asserted against the Parish in that certain lawsuit styled as *5th District Livingston Parish Concerned Citizens Association, LLC versus Livingston Parish Government*, 21st Judicial District Court, Livingston Parish, Suit # C-179769 C.

c.   The Parties desire for the Intended Novation to be liberally construed in a manner that allows Ascension Properties to move forward with the Deer Run development subject to the terms contained in this Agreement and the proposed Development Agreement.

56. **Preconstruction Meeting**.   The Livingston Parish Government, through its Planning Department, will agree to schedule a preconstruction meeting within five (5) business days after the payment of the fees for the invoice dated 3-12-24 reflecting costs for review of certain construction plans, which meeting shall be held within two weeks after the fees are paid;

57. Appearers agree that COM-2 reflected on the Plat will be developed in accordance with the terms of the July 27, 2023 Settlement Agreement and the overall residential density will not exceed 104 units, which shall consist only of townhomes and no apartments; provided further that development of COM-2 will include the commercial tracts reflected on the Preliminary Plat dated August 23, 2023 entitled Villas @ Deer Run that was previously submitted to the Parish in 2023.

58. Appearers agree that, in the event that Ascension Properties or any of its successors-in-interest (i.e. future developers) request any changes or modifications to the Plat, then deviations regarding lot adjustments, street alignments, and phasing are expected and will not be rejected so long as the density is not increased.

59. Livington Parish hereby affirmatively agrees and obligates itself not to interfere, now or in the future, with the purposes of this Agreement, including but not limited to Ascension Properties' development of Deer Run and its efforts to obtain the required present and future approvals for the Property and the Deer Run development, subject to the terms of the Development Agreement (if timely approved). Breach of this provision shall entitle Ascension Properties to all damages incurred, costs, attorneys' fees, as well as punitive damages where available.  The Parties agree that if the Parish were to breach this Paragraph 57 and/or Paragraph 58 below, it would cause irreparable and continuing harm to Ascension Properties for which money damages will not provide adequate relief. Accordingly, the Parish's breach of either Paragraph

57 or 58 shall entitle Ascension Properties to preliminary and permanent injunctive relief without necessity of posting bond or other security, and to money damages insofar as they can be quantified under the circumstances.

60. Each Party that executes this Agreement acknowledges that it would be a violation of the Development Agreement if the Parish were to enforce or attempt to apply any kind of moratorium that would affect the Deer Run development (specifically or in general).

61. This Agreement and the Development Agreement (if timely approved, and as is required by La. R.S. 33:4780.31) will be binding upon and inure to the benefit of any successors or assigns of Ascension Properties for all purposes.

62. **Payment of Attorneys' Fees**.  The Parish agrees to pay Ascension Properties One Hundred Twenty-Five Thousand Dollars ($125,000) for recoupment of its attorneys' fees (the "**Payment of Attorneys' Fees**") within one hundred eighty (180) days of entry of said Consent Judgment and funds shall be paid by a certified check made payable by "Livington Parish Government" to Ascension Properties, Inc. and delivered to Taylor Porter's office in Baton Rouge, LA (c/o Tom Easterly) on or before the expiration of the one hundred eighty (180) day period.

63. DEVELOPMENT CREDIT. The Parish agrees to give and grant Ascension Properties a credit equivalent to Two Hundred Seventy-Five Thousand Dollars ($275,000) (which is a financial accommodation equivalent to Two Hundred Seventy-Five Thousand Dollars ($275,000) of monetary value) (the "**Development Credit**"), which is subject to the following terms and conditions.  The Parties acknowledge this credit is not gratuitous, represents a contemporaneous exchange of value, and is granted to Ascension Properties in satisfaction of Plaintiff's claims for recoupment of its attorneys' fees that exceed the amount of the Development Credit and the Additional Development Credit (as defined below)).  The credit shall only be applicable to offset fees and hard costs associated with development as specified herein, including but not limited to any of the Parish's Subdivision Regulations Fees.  This credit shall be applied to the first $275,000 of costs incurred by Plaintiff (unless the credit is transferred).  It shall be calculated pursuant to the Parish's normal fee schedule and may be applied to any of the following: (i) Subdivision Regulations Fees, including but not limited to submittal of construction plans, final plats, and similar submittals, (ii) building permits and house inspection fees, (iii) construction permit fees and impact fees, and/or (iv) similar Parish development fees. The Development Credit will be assignable and transferable to any third party or any other project and shall not expire.  It is expressly agreed that the Development Credit may be used to offset future said fees associated with the Deer Run development on a dollar-for-dollar basis beginning with immediate fees owed amounting to $4,640 as is outlined below until the Development Credit is exhausted.

64. ADDITIONAL DEVELOPMENT CREDIT AS STIPULATED DAMAGES FOR FAILURE TO TIMELY MAKE THE PAYMENT OF ATTORNEYS' FEES. If the Parish fails or refuses to timely pay Ascension Properties the Payment of Attorneys' Fees for any reason whatsoever, or is unable

to pay Ascension Properties for any reason <u>whatsover</u>, then Ascension Properties shall be entitled to receive an additional development credit in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000) (the "**Additional Development Credit**") for a total credit of Five Hundred Thousand Dollars ($500,000). The Additional Development Credit shall be subject to the same terms and conditions as the Development Credit.

65. If for any reason either the Development Credit or the Additional Development Agreement is/are either (i) not contemporaneously used, credited, or applied due to a refusal to use, credit, or apply same by the Parish or (ii) deemed null, unenforceable, or otherwise invalid by any third party, then the Parties agree that Ascension Properties will be entitled to obtain a money judgment against Livingston Parish Government in an amount equal to the full amount of the unused and/or remaining Development Credit and/or Additional Development Credit that would otherwise be enforceable against Livingston Parish Government; the Parties further agree that in such an instance the United States District Court for the Middle District of Louisiana shall retain jurisdiction to enter and enforce a money judgment and Livingston Parish Government will promptly agree to enter a consent judgment liquidating the amount due and owing by Livingston Parish Government unto Ascension Properties.

66. **Fees**. Ascension Properties acknowledges that it owes $4,640 to the Parish for payment of that certain invoice dated 3-12-24 reflecting costs for review of certain construction plans, which the Parish already approved. The Parties agree that the Development Credit will be applied to said fees that Ascension Properties currently owes to the Parish such that the Parish will immediately begin to honor the Development Credit and Ascension Properties will not be required to pay said fee out-of-pocket. The Parish agrees to mail notice of satisfaction of said fees pursuant to the Development Credit to Ascension Properties, Inc. (c/o Tom Easterly, P.O. Box 2471, Baton Rouge, LA 70821) via certified mail within ten (10) days of entry of the consent judgment in the Current Litigation (the "Consent Judgment"). For the sake of clarity, after applying a portion of the Development Credit to the outstanding amount owed, the remaining Development Credit will be Two Hundred Seventy Thousand Three Hundred Sixty Dollars ($270,360), which shall increase if the Additional Development Credit becomes applicable.

67. Ascension Properties agrees to dismiss its claims against the Parish for compensatory damages and its claim for recoupment of attorneys' fees (to the extent it remains unsatisfied by the Payment of Attorneys' Fees) without prejudice.

68. Ascension Properties and the Parish agree that the United States District Court for the Middle District of Louisiana will retain jurisdiction under the same docket number of the Current Litigation to enforce the terms of the Settlement Agreement, the proposed Development Agreement, the Consent Judgment, and other agreements memorialized on the record in open court at any hearing before the United States District Court for the Middle District of Louisiana in the Current Litigation.

69. If the United States District Court for the Middle District of Louisiana fails or refuses to sign a consent judgment styled in a manner that is identical to or substantially similar to the form and/or proposed consent judgment attached to this Agreement, then the Parties agree this Agreement and Ascension Properties' commitment to be bound by the proposed Development Agreement shall be considered without effect in their entirety; that the proposed Development Agreement will immediately be invalidated; and, furthermore, that the trial scheduled to begin on July 29, 2024 shall proceed in Court.

## MISCELLANEOUS PROVISIONS

70. This Settlement Agreement, and the corresponding agreements referenced herein and/or attached hereto, including the Development Agreement, the consent judgment, any other agreements memorialized on the record in open court at any hearing before the United States District Court for the Middle District of Louisiana in the Current Litigation, and any other documents incorporated herein by reference, are all part of the agreement of the Parties.

71. This Agreement is not a standard agreement under Louisiana law; furthermore, it is the product of arms-length negotiation. Accordingly, it shall not have any ambiguity construed against any Party as the drafter of the Agreement.

72. Each Party agrees to perform all further acts, and to execute and deliver all further documents as are reasonably necessary to satisfy each Party's obligations under this Agreement and/or in furtherance of its intent and purposes, without demand for any further consideration. This especially includes, but is not limited to, the submission and filing of any consent judgment and/or motions to dismiss the Current Litigation, which the Parties authorize their attorneys to pursue and file without delay.

73. Each Party warrants that it read this entire Agreement and the other documents and written agreements referenced herein carefully, reviewed them with legal counsel, knows and understands the contents of this Agreement, and performed a substantial investigation of the facts pertaining to the settlement documents. Each Party expressly acknowledges that the other Parties may have knowledge of facts regarding the subject matter of this Agreement unknown to it and further acknowledges that such Parties have no duty to make any disclosure regarding such facts notwithstanding the existence of any fiduciary or other duty imposed by law or otherwise.

74. Each Party warrants that in executing this Agreement, except as specifically set forth in this Agreement, they do not rely and have not relied upon any representation or statement made by another Party or any representative of such other Party with regard to the subject matter, basis, or effect of this Agreement.

75. The section titles, captions, and headings contained in this Agreement are inserted only as a matter of convenience and for reference and organization, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the effect of any of its provisions.

76. The Agreement shall be governed by the laws of the State of Louisiana.

77. The Agreement shall be deemed to have been signed in Baton Rouge, Louisiana, at the United States District Court for the Middle District of Louisiana.

78. For any judicial proceeding brought by a Party, on behalf of a Party, by a successor to a Party, in place of a Party, or in the interest of a Party, where the proceeding is initiated to enforce, interpret, or resolve the Agreement, the proposed Development Agreement, the consent judgment, and/or any other agreements memorialized on the record in open court at any hearing before the United States District Court for the Middle District of Louisiana in the Current Litigation (or in which the Agreement shall serve as a defense, counterclaim, or reconventional demand), the sole and appropriate venue shall be the United States District Court for the Middle District of Louisiana.

(remainder of this page intentionally left blank; signature pages to follow)

*LIVINGSTON PARISH COUNCIL BY ITS DULY AUTHORIZED REPRESENTATIVE*

WITNESSES:

**LIVINGSTON PARISH GOVERMENT**

BY: _____
A duly authorized representative pursuant to La. R.S.
13:5109

      SWORN AND SIGNED BEFORE ME, NOTARY PUBLIC, this 29th day of July, 2024, in
Baton Rouge, Louisiana.

_____
NOTARY PUBLIC
#20933

**WITNESSES:**

Trula Brousseau

Dale C. Gray

_____

**CHRIS INGRAM, PRESIDENT**
**ASCENSION PROPERTIES, INC.**

SWORN AND SIGNED BEFORE ME, NOTARY PUBLIC, this 25th day of July, 2024, in Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

**WITNESSES:**

_____        _____
                               **RANDY DELATTE**
                               **LIVINGSTON PARISH PRESIDENT**

_____        **DATED:** ___07/26/2024___

    SWORN AND SIGNED BEFORE ME, NOTARY PUBLIC, this 26th day of July, 2024, in

Baton Rouge, Louisiana.

_____
        NOTARY PUBLIC
          #20933

**EXHIBIT "1" TO SETTLEMENT AGREEMENT
BY INITIALLING THE LAST PAGE OF EXHIBIT " 1," EACH INITIALLING
PERSON IS APPROVING THE FORM AND SUBSTANCE OF THE JOINT
MOTION FOR ENTRY OF CONSENT JUDGMENT AND THE CONSENT JUDGMENT, TO BE
FILED WITH THE COURT**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASCENSION PROPERTIES, INC. | * | CASE NO.: 3:24-CV-00171-SDD-SDJ |
| | * | |
| VERSUS | * | |
| | * | |
| LIVINGSTON PARISH | * | |
| GOVERNMENT | * | |

## CONSENT JUDGMENT IN A CIVIL ACTION

**CONSIDERING** the foregoing COMPLAINT and the foregoing MOTION FOR PRELIMINARY INJUNCTION filed by Plaintiff, Ascension Properties, Inc. ("Plaintiff" or "Ascension Properties") against Defendant, the Livingston Parish Government (hereafter "Defendant" or "Livingston Parish Government");

**CONSIDERING** that, on or about May 20, 2024, the Court previously granted the MOTION FOR PRELIMINARY INJUNCTION, in part, to consolidate the hearing on whether a preliminary injunction should issue with a trial on the merits of Plaintiff's claims for permanent injunctive relief and declaratory relief, and ruled, in part, to defer all claims for other relief (R. Doc. 32);

**CONSIDERING** that the parties reached a compromise concerning the claims in the captioned case, which includes a written Settlement Agreement, a proposed Development Agreement, and this consent judgment;

**AND FURTHER CONSIDERING** the foregoing JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT filed by Plaintiff and Defendant (hereafter collectively "Movers"), the record in this matter, the Federal Rules of Civil Procedure, the law, and the consent and stipulations of the parties,

Page 1 of 5

**NOW THEREFORE**, the Court hereby renders judgment as follows:

**IT IS ORDERED** that the JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT is hereby **GRANTED**, and the Court enters the following declaratory relief:

1. **IT IS ORDERED** and the Court declares that the January 18, 2024 Stop Work Order is invalid, unenforceable, and deemed withdrawn as to Ascension Properties and its affiliates, successors, contractors, and subcontractors and that Defendant – and any person in active concert or participation with Defendant – shall not enforce or attempt to enforce the January 18, 2024 Stop Work Order as to Ascension Properties or its affiliates, successors, contractors, and subcontractors;

2. **IT IS FURTHER ORDERED** and the Court declares that the Plaintiff's development of the Deer Run development is and remains "under construction" pursuant to applicable Livingston Parish ordinances, and was "under construction" beginning on June 8, 2023 when plans were submitted to Livingston Parish by Plaintiff and/or its affiliates;

3. **IT IS FURTHER ORDERED** and the Court declares that the Plaintiff is approved to clear and grade the entire property upon which the Deer Run development is planned to be constructed and developed, subject to the Development Agreement (if finalized between the parties);

4. **IT IS FURTHER ORDERED** and the Court declares that phase I of the Deer Run development was and remains approved for construction, subject to any potential Development Agreement entered into by the Parties hereafter; and

5. **IT IS FURTHER ORDERED** and the Court declares that Defendant's approval of Plaintiff's Preliminary Plat 2 on or about September 7, 2023 and executed on September 18, 2023 lawfully amended the official plan and/or master plan for Livingston Parish in

accordance with La. R.S. 44:113, and that the Plat executed on September 18, 2023 will remain valid and not expire or lapse while either construction or construction activities remain ongoing pursuant to it.

**IT IS FURTHER ORDERED** that Plaintiff's MOTION FOR PRELIMINARY INJUNCTION is **GRANTED**, and the Court enters the following injunctive relief including a preliminary injunction and permanent injunction (hereafter sometimes this "Injunction") as follows. The scope of the Injunction is specifically defined pursuant to Federal Rule of Procedure 65(d) as follows:

1. **IT IS ORDERED** that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from and must immediately cease enforcing the January 18, 2024 Stop Work Order as to Ascension Properties and its affiliates, successors, contractors, and subcontractors.

2. **IT IS FURTHER ORDERED** that that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from and must immediately cease issuing any further stop work orders for the Deer Run development. This Court is retaining jurisdiction as specified hereinbelow and any enforcement proceedings relative to Deer Run shall be initiated by filing a motion, complaint, or similar filing with this Court.

3. **IT IS FURTHER ORDERED** that that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from enforcing and must immediately cease enforcing any Livingston Parish ordinances adopted after July 27, 2023 or that might be adopted in the future that would serve to (i) retroactively nullify or impair

the development approvals and permits previously obtained by Ascension Properties for the Deer Run development, and/or (ii) zone or rezone the property for the Deer Run development in a manner inconsistent with the  the previously obtained development approvals, plats, and  permits obtained by Ascension Properties for the Deer Run development, or any development agreement agreed to by the parties.  This scope of this Injunction shall not preclude Livingston Parish Government from enforcing the Livingston Parish Code applicable to the Deer Run development as of July 27, 2023.

4. **IT IS FURTHER ORDERED** that Defendant immediately issue written notice, that includes a copy of this Judgment reflecting the injunction, to all of Defendants' employees in Livingston Parish who are involved in the enforcement of Parish Ordinances or have oversight of such enforcement, including but not limited to all personnel employed in the Livingston Parish Planning Department, and notify them of this Injunction.

5. **IT IS FURTHER ORDERED** that, within ten (10) days following this Injunction, Defendant shall provide Plaintiff with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons to whom Defendants have served with a copy of this injunction in compliance with the previous paragraph.

6. **IT IS FURTHER ORDERED** that Plaintiff does not need and shall not be required to give security under Rule 65(c) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Plaintiff's claim for attorneys' fees pursuant to 42 U.S.C. § 1983, *et. seq*. is dismissed with prejudice.

**IT IS ORDERED** that Plaintiff's claims and prayer for issuance of a money judgment for compensatory damages against Livingston Parish Government (separate and apart from any portion of its paid to Ascension Properties as part of the Settlement Agreement) be and are hereby dismissed,

without prejudice, reserving unto Plaintiff its right to assert a claim for additional attorneys' fees (if any) in the event such additional fees are incurred to enforce the provisions of this Judgment and/or collection of any amounts due under the Settlement Agreement.

**IT IS FURTHER ORDERED** that the remainder of Ascension Properties' action against Defendant to the extent not covered by this judgment (if any there be) is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this action to the extent necessary to enforce the terms of this Consent Judgment. Additionally, this Court shall and does retain jurisdiction for all purposes over the corresponding written Settlement Agreement, the proposed Development Agreement (if accepted by the Parish and timely approved), this judgment, and any other agreements memorialized on the record in open court during any hearing before the United States District Court for the Middle District of Louisiana in this proceeding, including but not limited to satisfaction and compliance with this judgment, the Settlement Agreement, and the proposed Development Agreement.

**IT IS FURTHER ORDERED** that each party will bear its own court costs related to this litigation.

**JUDGMENT READ, RENDERED, AND SIGNED** at Baton Rouge, Louisiana, this _____ day of _____, 2024.

_____
Honorable Shelly D. Dick
Chief Judge, United States District Court
Middle District of Louisiana

*CI*
*Rd*

Page 5 of 5

5852808.v2