UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ASCENSION PROPERTIES, INC.    *    CASE NO.: 3:24-CV-00171-SDD-SDJ
                            *

VERSUS                        *
                            *

LIVINGSTON PARISH      *
GOVERNMENT           *

## CONSENT JUDGMENT IN A CIVIL ACTION

**CONSIDERING** the foregoing COMPLAINT and the foregoing MOTION FOR PRELIMINARY INJUNCTION filed by Plaintiff, Ascension Properties, Inc. ("Plaintiff" or "Ascension Properties") against Defendant, the Livingston Parish Government (hereafter "Defendant" or "Livingston Parish Government");

**CONSIDERING** that, on or about May 20, 2024, the Court previously granted the MOTION FOR PRELIMINARY INJUNCTION, in part, to consolidate the hearing on whether a preliminary injunction should issue with a trial on the merits of Plaintiff's claims for permanent injunctive relief and declaratory relief, and ruled, in part, to defer all claims for other relief (R. Doc. 32);

**CONSIDERING** that the parties reached a compromise concerning the claims in the captioned case, which includes a written Settlement Agreement, a proposed Development Agreement, and this consent judgment;

**AND FURTHER CONSIDERING** the foregoing JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT filed by Plaintiff and Defendant (hereafter collectively "Movers"), the record in this matter, the Federal Rules of Civil Procedure, the law, and the consent and stipulations of the parties,

**NOW THEREFORE**, the Court hereby renders judgment as follows:

**IT IS ORDERED** that the JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT is hereby **GRANTED**, and the Court enters the following declaratory relief:

1. **IT IS ORDERED** and the Court declares that the January 18, 2024 Stop Work Order is invalid, unenforceable, and deemed withdrawn as to Ascension Properties and its affiliates, successors, contractors, and subcontractors and that Defendant – and any person in active concert or participation with Defendant – shall not enforce or attempt to enforce the January 18, 2024 Stop Work Order as to Ascension Properties or its affiliates, successors, contractors, and subcontractors;

2. **IT IS FURTHER ORDERED** and the Court declares that the Plaintiff's development of the Deer Run development is and remains "under construction" pursuant to applicable Livingston Parish ordinances, and was "under construction" beginning on June 8, 2023 when plans were submitted to Livingston Parish by Plaintiff and/or its affiliates;

3. **IT IS FURTHER ORDERED** and the Court declares that the Plaintiff is approved to clear and grade the entire property upon which the Deer Run development is planned to be constructed and developed, subject to the Development Agreement (if finalized between the parties);

4. **IT IS FURTHER ORDERED** and the Court declares that phase I of the Deer Run development was and remains approved for construction, subject to any potential Development Agreement entered into by the Parties hereafter; and

5. **IT IS FURTHER ORDERED** and the Court declares that Defendant's approval of Plaintiff's Preliminary Plat 2 on or about September 7, 2023 and executed on September 18, 2023 lawfully amended the official plan and/or master plan for Livingston Parish in accordance with La. R.S. 44:113, and that the Plat executed on September 18, 2023 will remain valid and not expire or lapse while either construction or construction activities remain ongoing pursuant to it.

**IT IS FURTHER ORDERED** that Plaintiff's MOTION FOR PRELIMINARY INJUNCTION is **GRANTED**, and the Court enters the following injunctive relief including a preliminary injunction and permanent injunction (hereafter sometimes this "Injunction") as follows. The scope of the Injunction is specifically defined pursuant to Federal Rule of Procedure 65(d) as follows:

1. **IT IS ORDERED** that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from and must immediately cease enforcing the January 18, 2024 Stop Work Order as to Ascension Properties and its affiliates, successors, contractors, and subcontractors.

2. **IT IS FURTHER ORDERED** that that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from and must immediately cease issuing any further stop work orders for the Deer Run development. This Court is retaining jurisdiction as specified hereinbelow and any enforcement proceedings relative to Deer Run shall be initiated by filing a motion, complaint, or similar filing with this Court.

3. **IT IS FURTHER ORDERED** that that Defendant Livingston Parish Government – and any person in active concert or participation with Defendant who receives notice of this Judgment – are preliminarily and permanently enjoined from enforcing and must immediately cease enforcing any Livingston Parish ordinances adopted after July 27, 2023 or that might be adopted in the future that would serve to (i) retroactively nullify or impair the development approvals and permits previously obtained by Ascension Properties for the Deer Run development, and/or (ii) zone or rezone the property for the Deer Run development in a manner inconsistent with the previously obtained development approvals,

plats, and  permits obtained by Ascension Properties for the Deer Run development, or any development agreement agreed to by the parties.  This scope of this Injunction shall not preclude Livingston Parish Government from enforcing the Livingston Parish Code applicable to the Deer Run development as of July 27, 2023.

4. **IT IS FURTHER ORDERED** that Defendant immediately issue written notice, that includes a copy of this Judgment reflecting the injunction, to all of Defendants' employees in Livingston Parish who are involved in the enforcement of Parish Ordinances or have oversight of such enforcement, including but not limited to all personnel employed in the Livingston Parish Planning Department, and notify them of this Injunction.

5. **IT IS FURTHER ORDERED** that, within ten (10) days following this Injunction, Defendant shall provide Plaintiff with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons to whom Defendants have served with a copy of this injunction in compliance with the previous paragraph.

6. **IT IS FURTHER ORDERED** that Plaintiff does not need and shall not be required to give security under Rule 65(c) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Plaintiff's claim for attorneys' fees pursuant to 42 U.S.C. § 1983, *et. seq*. is dismissed with prejudice.

**IT IS ORDERED** that Plaintiff's claims and prayer for issuance of a money judgment for compensatory damages against Livingston Parish Government (separate and apart from any portion of its paid to Ascension Properties as part of the Settlement Agreement) be and are hereby dismissed, without prejudice, reserving unto Plaintiff its right to assert a claim for additional attorneys' fees (if any) in the event such additional fees are incurred to enforce the provisions of this Judgment and/or collection of any amounts due under the Settlement Agreement.

**IT IS FURTHER ORDERED** that the remainder of Ascension Properties' action against Defendant to the extent not covered by this judgment (if any there be) is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this action to the extent necessary to enforce the terms of this Consent Judgment.  Additionally, this Court shall and does retain jurisdiction for all purposes over the corresponding written Settlement Agreement, the proposed Development Agreement (if accepted by the Parish and timely approved), this Consent Judgment, and any other agreements memorialized on the record in open court during any hearing before the United States District Court for the Middle District of Louisiana in this proceeding, including but not limited to satisfaction and compliance with this Consent Judgment, the Settlement Agreement, and the proposed Development Agreement.

**IT IS FURTHER ORDERED** that each party will bear its own court costs related to this litigation.

**JUDGMENT READ, RENDERED, AND SIGNED** at Baton Rouge, Louisiana, this \_\_\_\_\_ day of _____, 2024.

_____
Honorable Shelly D. Dick
Chief Judge, United States District Court
Middle District of Louisiana

5860927.v1